CURTIS, J.
 

 Plaintiff instituted this action to recover treble the amount paid by him as interest or profit on two loans made to the plaintiff by the defendant. Each of said two loans plaintiff alleges was usurious. Upon the trial of the action, and after the plaintiff had closed his case, the court, upon motion of the defendant, granted a nonsuit, after which judgment was rendered in favor of the defendant, from which the plaintiff has appealed.
 

 
 *184
 
 Each of said loans was secured by a chattel mortgage upon household furniture and was negotiated by the Scherer Brokerage Company, a regularly licensed personal property broker. The .defendant ivas also a personal property broker doing business as such under the Personal Property Brokerage Act. (Stats. 1933, p. 1496.) The charge of usury was based upon the alleged illegal payment of a commission by plaintiff to the Scherer Brokerage Company. In negotiating said loans, the plaintiff contends that the defendant shared in the fruits of said commission payments to such an extent that it received a profit on each of said loans which exceeded the maximum amount of interest or profit permissible under the usury law.
 

 Each of said loans was entered into and all payments of interest or commission were made while the usury law adopted by the people in 1918 was in full force and effect. However, in 1934, the people of the state adopted article XX, section 22, of the Constitution. While the adoption of this section of the Constitution did not repeal the usury law of the state
 
 (Penziner
 
 v.
 
 West American Finance Co.,
 
 this day filed
 
 [ante,
 
 p. 160, 74 Pac. (2d) 252]), it did cause some radical changes to be made in that statute, and particularly respecting those organizations or individuals doing business as personal property brokers. The third paragraph of said section of the Constitution designated certain organizations and individuals which are exempt from the general provisions of the usury law, and the legislature was given power to prescribe the maximum rate of interest to be charged in connection with loans made by them. Personal property brokers were included in the exempted classes. While the legislature has acted under this constitutional grant of power as to certain of these exempted classes, it has taken no action respecting the interest charges which may be made by a personal property broker. Therefore, since the adoption of said section of the Constitution in 1934, there has been no provision of law, either statutory or constitutional, limiting the amount of interest or profit which a personal property broker may exact for a loan made by him.
 
 (Matulich
 
 v.
 
 Mario Investment Co.,
 
 7 Cal. (2d) 374 [60 Pac. (2d) 842].)
 

 It will be further noted that the constitutional amendment repealing the provisions of the usury law as to those 'exempted classes contains no saving clause as to causes of
 
 *185
 
 action accruing prior to the adoption of said amendment. A repeal of the statute, or an amendment thereof, resulting in a repeal of the statutory provision under which the cause of action arose wipes out the cause of action unless the same has been merged into a final judgment.
 
 (Penziner
 
 v.
 
 West American Finance Co., supra,
 
 and authorities cited therein.) As the judgment in this case was adverse to the plaintiff, any cause of action which the plaintiff might have had prior to said amendment of the statute has been destroyed by the amendment. The judgment is affirmed.
 

 Shenk, J., Edmonds, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.