[Civ. No. 56635. Second Dist., Div. Four. Aug. 12, 1980.]

TED ORDEN et al., Plaintiffs and Appellants, v.
CRAWSHAW MORTGAGE & INVESTMENT COMPANY,
Defendants and Respondents.

COUNSEL

Maupin, Chaum, Cutler & Teplinsky, James C. Maupin and Bonnie Pastor for Plaintiffs and Appellants.

Frederick J. Kling, Allan L. Fredland and Ken Nathanson for Defendants and Respondents.

Nossaman, Krueger & Marsh, Alvin S. Kaufer and Thomas J. Weiss as Amici Curiae.

OPINION

SAVITCH, J.*—In March 1973, Crawshaw Mortgage & Investment Company (Mortgage Company), then and now licensed as a real estate broker by the State of California, agreed to loan to Ted Orden and Hedy Orden (the Ordens) $500,000 to be disbursed periodically as construction of a supermarket on land owned by the Ordens progressed. The loan was evidenced by a promissory note (the Note) bearing interest at 8 percent per annum with principal and interest payable on or before July 1, 1974, and secured by a first lien position on the land and the improvements thereon.

As monies were needed from time to time to fund the loan, Mortgage Company borrowed the funds from Security Pacific National Bank (the Bank). During the initial months of the loan, Mortgage Company charged the Ordens interest at 8 percent per annum on funds actually disbursed; the Bank charged Mortgage Company on those monies 7-1/2 or 8 percent per annum. In June 1974, the Bank was charging Mortgage Company 12 percent per annum on funds disbursed by the Bank. The Note was due on July 1, 1974, construction of the supermarket had not been completed, and only a portion of the $500,000 loan proceeds had been disbursed. Mortgage Company extended the due date of the Note and the Ordens paid to Mortgage Company from time to time the precise interest payments made by Mortgage Company to the Bank which, after June 1974, were in excess of 10 percent per annum.

---

*Assigned by the Chairperson of the Judicial Council.

The Ordens commenced this action against Mortgage Company alleging that such arrangement between the Ordens and Mortgage Company is usurious in that Mortgage Company charged the Ordens a rate of interest upon a forbearance of money that is in excess of 10 percent per annum. The Ordens appeal from a judgment granted pursuant to Code of Civil Procedure section 631.8 in favor of Mortgage Company that there is no usury and awarding attorney's fees to Mortgage Company.

In holding that the transaction was not usurious, the trial court admittedly relied upon dicta in the case of *Burr* v. *Capital Reserve Corp.* (1969) 71 Cal.2d 983, 992 [80 Cal.Rptr. 345, 458 P.2d 185]. ■ We do not find it necessary to consider the parties' contentions about that case or their other contentions since we affirm that part of the judgment that there is no usury because, even if this loan was usurious when made, the loan is not usurious under Proposition 2 approved by the California voters in the election of November 6, 1979, and since we find that Proposition 2 has retroactive effect so that no cause of action for usury exists on any loan which would be nonusurious if made under the amended law even if that loan was made before November 6, 1979. This loan is not usurious because Proposition 2 amended article XV of the California Constitution, this state's usury law, by: (i) exempting from that law loans made or arranged by licensed real estate brokers; (ii) repealing the 10 percent rate limit on nonconsumer loans, including real estate loans, made by nonexempt lenders; and (iii) imposing instead a floating limit of 5 percentage points above the discount rate of the Federal Reserve Bank of San Francisco.

### *Retroactivity of Proposition 2*

■ It is a generally recognized principle of law that the right to recover a penalty imposed under a usury statute terminates upon the repeal or modification of the statute, unless the repealing statute contains a savings clause or unless there has been a final judgment under the preexisting statute. In the event of such repeal or modification, the remedies available to the party asserting the penalty are to be determined by the law in effect at the time of final judgment. This principle has not only been followed by the California courts in each instance where the issue has arisen, but has also been adopted by the United States Supreme Court and numerous other jurisdictions.

The leading California case is *Wolf* v. *Pacific Southwest etc. Corp.* (1937) 10 Cal.2d 183 [74 P.2d 263], wherein it was unanimously held that any cause of action for usury which might have existed against defendant lender under the 1918 usury law was terminated by virtue of the fact that defendant was designated an exempt lender under article XV (then denominated art. XX, § 22) of the Constitution adopted in 1934. In that case, a borrower sued for usury on certain loans made and repaid under the 1918 usury law, which imposed a 12 percent limit, with no exemptions. That law was modified by the passage of article XX, section 22, in 1934. The 1934 amendment reduced the limit to 10 percent but exempted various lenders, including personal property brokers. The lender was a personal property broker.

The court held that the passage of the 1934 amendment eliminated the borrower's right of action for usury even though personal property brokers previously were not exempt lenders and the loans were usurious by the standard of the 1918 law, in effect when the loans were made.

*Wolf* establishes that the amendment of article XV on November 6, 1979, wiped out all preexisting causes of action for usury, not already reduced to judgment, on loans which would not be usurious under the standards of article XV as amended.

A similar result was reached in *Fenton* v. *Markwell & Co.* (1935) 11 Cal.App.2d Supp. 755 [52 P.2d 297]. The main issue in *Fenton* was whether any usury action could be maintained under the penalty provisions of the 1918 law after the passage of the 1934 amendment. The court affirmed the trial court's sustaining of a demurrer to the complaint on the grounds that any right to recover under the 1918 statute terminated upon the enactment of the 1934 provision.

The principle followed in the *Wolf* and *Fenton* cases has been consistently recognized by the California courts in each instance in which the issue of the retroactivity of an amendatory statute reducing the penalties attendant to a usury law has been discussed. (*Penziner* v. *West American Finance Co.* (1937) 10 Cal.2d 160 [74 P.2d 252]; *Willcox* v. *Edwards* (1912) 162 Cal. 455 [123 P. 276].)

The rule that statutes which repeal or modify usury laws are to be given retrospective effect to determine the scope of liability with respect to transactions entered into prior to such repeal or modification is an application of the well-established principle that no person nor the

state has a vested right in an unenforced statutory penalty or forfeiture. (*Department of Social Welfare* v. *Wingo* (1946) 77 Cal.App.2d 316 [175 P.2d 262].) That rule is equally applicable to the instant case. The remedies previously provided for with respect to an allegedly usurious contract are in the nature of a penalty (*Penziner* v. *West American Finance Co., supra,* 10 Cal.2d at pp. 170-171), and any recovery pursuant to article XV must be determined according to its present text.

The United States Supreme Court and courts in other states have also adopted the California rule that the repeal of a usury statute will operate retrospectively to validate a transaction which was usurious when executed or carried out. (*Ewell* v. *Daggs* (1883) 108 U.S. 143 [27 L.Ed. 682, 2 S.Ct. 408]; *Petterson* v. *Berry* (9th Cir. 1903) 125 F. 902; *American Sav. Life Ins. Co.* v. *Financial Aff. Man. Co., Inc.* (1973) 20 Ariz.App. 479 [513 P.2d 1362]; *United Realty Trust* v. *Property Dev., Etc.* (1978 Minn.) 269 N.W.2d 737; *Deposit Guaranty Bank & Trust Co.* v. *Williams* (1942) 193 Miss. 432 [9 So.2d 638, 639, 640].)

Any cause of action for usury not reduced to judgment as of November 6, 1979, is governed by the provisions of article XV as it exists today, even if the loan at issue was made before November 6, 1979.

### *Availability of Attorney's Fees*

■ Unless authorized by either statute or agreement, attorney's fees ordinarily are not recovered as costs (Code Civ. Proc., § 1021; *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 24-27 [112 Cal. Rptr. 786, 520 P.2d 10].) The trial court awarded attorney's fees to Mortgage Company as costs.

Mortgage Company points to paragraph 15 of the Building Loan Agreement between the Ordens and Mortgage Company[1] and cites *Thunderbird Investment Corp.* v. *Rothschild* (1971) 19 Cal.App.3d 820 [97 Cal.Rptr. 112], in support of its argument that the trial court correctly awarded attorney's fees.

---

[1]The applicable portion of paragraph 15 provides as follows: "15. Lender shall have the right to commence, appear in, or to defend any action or proceeding purporting to affect the rights of the parties hereunder or the payment of any of said funds herein required to be paid, and in connection therewith pay necessary expenses, employ counsel and pay his reasonable fee."

In *Thunderbird*, plaintiffs filed their complaint seeking recovery of treble the amount of claimed interest payments. There the note provided for interest at 10 percent per annum but plaintiffs claimed that a payment made to an attorney constituted interest which made the loan usurious. The court determined that the loan was not usurious. The note also provided for attorney's fees "if action be instituted on this note." The court also determined that the claimed payment "necessarily involved the validity of the provisions of the note relating to interest and the right of respondents to retain the payment of interest which they had received pursuant thereto," and "that this action in every realistic sense is an action on the note within the meaning and purpose of the note's provisions for recovery of attorney's fees."

But here the Note did not contain any provision for attorney's fees. More significantly, however, we find that later passage of Proposition 2 does not conceivably entitle Mortgage Company to attorney's fees in defense of the Ordens' claim.

The judgment is affirmed with respect to the finding that there is no usury but reversed as to the award of attorney's fees to Mortgage Company.

Kingsley, Acting P. J., and Woods, J., concurred.

A petition for a rehearing was denied September 5, 1980, and respondents' petition for a hearing by the Supreme Court was denied October 8, 1980.