[Civ. No. 48352. First Dist., Div. One. June 23, 1982.]

MILDRED H. CHAPMAN, as Conservatee, etc., Plaintiff and Respondent, v.
COLLEEN M. FARR et al., Defendants, Cross-complainants and Respondents;
DOMINIC FRISONE et al., Defendants, Cross-defendants and Appellants.

COUNSEL

LaCroix & Schumb and Michael J. Matteucci for Defendants, Cross-defendants and Appellants.

Dawson, Manning & Rose and Richard M. Manning for Plaintiff and Respondent.

Perry E. Olsen for Defendants, Cross-complainants and Respondents.

OPINION

GOFF, J.*—The trial court awarded damages, injunctive and declaratory relief to plaintiff and cross-complainants against the Frisones, defendants and cross-defendants, the appellants herein. It did so on the theory that the Frisones, through appellant Larry Frisone, loaned cross-complainants (the Farrs) $50,000 at usurious rates. Three months after judgment was entered below, the California constitutional section defining usury[1] was amended by referendum to exclude from its operation "any loans made or arranged by any person licensed as a real estate broker by the State of California and secured in whole or in part by liens on real property, . . . ."

The loan in question was secured by real property, and the court made a finding that Larry was a licensed real estate broker.

 The decisive issue on this appeal is whether the constitutional amendment is retroactive in its effect. We conclude that it is and therefore reverse.

 *Orden v. Crawshaw Mortgage & Investment Co.* (1980) 109 Cal.App.3d 141 [167 Cal.Rptr. 162],[2] appears to us to state the rule correctly: "The rule that statutes which repeal or modify usury laws are to be given retrospective effect to determine the scope of liability with respect to transactions entered into prior to such repeal or modification is an application of the well-established principle that no person nor the state has a vested right in an unenforced statutory penalty or forfeiture.

---

*Assigned by the Chairperson of the Judicial Council.

[1]Article XV, section 1.

[2]This case appeared after all briefs in the case at bar had been filed and it has not been cited or discussed by the parties.

(*Department of Social Welfare* v. *Wingo* (1946) 77 Cal.App.2d 316 [175 P.2d 262].) That rule is equally applicable to the instant case. ■ The remedies previously provided for with respect to an allegedly usurious contract are in the nature of a penalty (*Penziner v. West American Finance Co., supra*, 10 Cal.2d [160] at pp. 170-171 [74 P.2d 252]), and any recovery pursuant to article XV must be determined according to its present text. . . . [¶] Any cause of action for usury not reduced to judgment as of November 6, 1979, is governed by the provisions of article XV as it exists today, even if the loan at issue was made before November 6, 1979." (*Id.*, 109 Cal.App.3d at pp. 145-146.)

Although this language might be read as cutting off retrospective application of the amendment if the plaintiff has obtained judgment in the trial court, the case law has consistently held to the contrary. ■ As the court stated in *Southern Service Co., Ltd.* v. *Los Angeles* (1940) 15 Cal.2d 1, 12 [97 P.2d 963]: "'The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered.'"

Most of the decisions applying this rule deal with criminal laws, but as Justice Tobriner noted in *Governing Board* v. *Mann* (1977) 18 Cal. 3d 819, 830 [135 Cal.Rptr. 526, 558 P.2d 1]: "[T]he reach of this common law rule has never been confined solely to criminal or quasi-criminal matters." (Fn. omitted.) One of the cases cited in *Mann* was *Wolf* v. *Pacific Southwest etc. Corp.* (1937) 10 Cal.2d 183 [74 P.2d 263], dealing with usury.

*Governing Board* v. *Mann, supra*, 18 Cal.3d 819, held that 1976 legislation barring governmental entities from imposing sanctions on persons convicted of possession of marijuana applied to proceedings to dismiss a tenured school teacher that began in 1971. *Southern Service Co., Ltd.* v. *Los Angeles, supra*, 15 Cal.2d 1, held that repeal of a statutory right to a refund of illegally collected taxes cut off all pending causes of action based on the statute. (*Id.*, at p. 12.) Another analogous case is *Younger* v. *Superior Court* (1978) 21 Cal.3d 102, 110 [145 Cal.Rptr. 674, 577 P.2d 1014], holding that repeal of a statute authorizing persons to petition for destruction of the records of prior marijuana convictions eliminated the remedy where the case was on ap-

peal at the time of repeal. The most recent decision applying this rule is *South Coast Regional Com.* v. *Gordon* (1978) 84 Cal.App.3d 612 [148 Cal.Rptr. 775]. The court held that the South Coast Regional Commission could not collect attorney fees in an action filed in 1973 since the attorney-fee provision was eliminated in 1977, after the original judgment, but before final appellate review. The court synthesized the case law as follows: "Without a saving clause or statutory continuity, a party's rights and remedies under a statute may be enforced after repeal only where such rights have vested prior to repeal. (*People* v. *One 1953 Buick* (1962) 57 Cal.2d 358, 365-366 [19. Cal.Rptr. 488, 369 P.2d 16]; *Estate of Taylor* (1973) 33 Cal.App.3d 44, 49-50 [108 Cal.Rptr. 778].) A statutory remedy does not vest until final judgment, since '... it has been held in a long line of cases that the repeal of a statute creating a penalty, running to either an individual or the state, at any time before final judgment, extinguishes the right to recover the penalty. The same rule applies to remedial statutes unknown to the common law.' (*Lemon* v. *Los Angeles T. Ry. Co.* (1940) *supra*, 38 Cal.App.2d 659, 671.) '"The justification for this rule is that all statutory remedies are pursued with full realization that the Legislature may abolish the right to recover at any time."' (*Governing Board* v. *Mann* (1977) *supra*, 18 Cal.3d 819, 829, quoting from *Callet* v. *Alioto* (1930) 210 Cal. 65, 67-68 [290 P. 438].) Patently, the right to recover attorneys fees is such a statutory right or remedy. (Code Civ. Proc., § 1021.) ▮ [¶] A judgment does not become final so long as the action in which it is entered remains pending (*Pacific Gas & Elec. Co.* v. *Nakano* (1939) 12 Cal.2d 711, 714 [87 P.2d· 700, 121 A.L.R. 417]; *Rich* v. *Siegel* (1970) 7 Cal.App.3d 465, 469 [86 Cal.Rptr. 665]), and an action remains pending until final determination on appeal. (*Pacific Gas & Elec. Co.* v. *Nakano, supra*; *Estate of Molera* (1972) 23 Cal.App.3d 993, 998 [100 Cal.Rptr. 696]; *In re Pine* (1977) 66 Cal.App.3d 593, 595 [136 Cal. Rptr. 718]; Code Civ. Proc., § 1049.) Even if we assume the Supreme Court decision in *South Coast Regional Com.* v. *Gordon, supra*, constituted a final judgment—which it did not—the decision was filed 6 January 1977, subsequent to the repeal of section 27428. Any statutory right the commission may have had to apply for attorneys fees under the 1972 Act never matured or vested prior to repeal." (*Id.*, 84 Cal. App.3d at pp. 618-619.)

▮ These rules appear to insulate appellants from liability in the instant case since the usury law now exempts loans made or arranged by real estate brokers and secured by a lien on real property.

Respondents seek to avoid the retroactive effect of the constitutional amendment with several arguments.

Respondents argue that there is no evidence to support the trial court's finding that Larry Frisone was a licensed real estate broker. However, Larry Frisone testified that he had received a real estate license. The record also reveals that the Farrs' attorney presented proposed findings of fact which included a finding identical to that made by the trial court. This is invited error,[3] if error it was.

Respondents also point out that article XVIII, section 4 of the state Constitution, which was added on November 3, 1970, provides that: "A proposed amendment or revision shall be submitted to the electors and if approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise. If provisions of 2 or more measures approved at the same election conflict, those of the measure receiving the highest affirmative vote shall prevail." However, this provision does not address the retroactivity question. Questions of retroactivity only arise when a law "takes effect" after the date that a cause of action arose. (See, e.g., *Robinson* v. *Pediatric Affiliates Medical Group, Inc.* (1979) 98 Cal.App.3d 907, 911-912 [159 Cal.Rptr. 791]; *Younger* v. *Superior Court, supra,* 21 Cal.3d 102, 109; *Orden* v. *Crawshaw Mortgage & Investment Co., supra,* 109 Cal.App.3d 141, 144.) Respondents also argue that Mr. Frisone was not acting in the capacity of a real estate broker in this case but rather as trustee for his pension plan and trust. However, the trial court found, as respondents strenuously argue elsewhere, that the transaction was structured by Larry Frisone *as agent* for his parents. (See discussion, *supra.*) The transaction was "arranged" by him and it was therefore exempt under the amended constitutional language.

Reversed.

Elkington, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied July 20, 1982, and the petition of plaintiff and respondent for a hearing by the Supreme Court was denied September 15, 1982.

---

[3]The proposed findings and conclusions were inferentially joined in by the Chapmans' counsel.