Filed 10/28/14  Gonsalves v. Fed. Nat. Mortgage Assn. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| FREDERICK C. GONSALVES, | C073101 |
| Plaintiff and Appellant, | (Super. Ct. No. CI66327) |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION et al., | |
| Defendants and Respondents. | |

Plaintiff Frederick C. Gonsalves appeals from an order of dismissal following the sustaining of a demurrer without leave to amend.  Because Gonsalves has shown no error, we affirm.

PROCEDURAL BACKGROUND

In March 2012, Gonsalves filed a complaint that alleged a single cause of action to quiet title to certain real property.  The only cause of action shown in the caption of the complaint was "Quiet Title," the only heading in the body of the complaint was

1

"Complaint to Quiet Title (Adverse Possession)," and the only allegations in the complaint "were with regard to quiet title via adverse possession."[1]

Defendants Federal National Mortgage Association and Bank of America, N.A. demurred to the complaint, and the trial court sustained the demurrer with leave to amend, "finding that [Gonsalves] had not alleged tender or tendered the full amount owed [on the property], nor had [he] stated a cause of action for quiet title based upon adverse possession."

In August 2012, Gonsalves filed a first amended complaint that, in its caption, added *12 new* causes of action, including negligence, fraud, breach of contract, unjust enrichment, and slander of title (among others). Defendants demurred to the amended complaint. Noting that Gonsalves had not obtained leave of court to add any new causes of action to his complaint, the trial court sustained the demurrer to the 12 new causes of action without leave to amend based on the authority of *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018. Presumably out of an abundance of caution, the trial court also addressed each of the new causes of action separately and determined that Gonsalves had not stated any valid cause of action on any of the new legal theories nor shown how his complaint could be amended to do so.

With respect to the quiet title cause of action, the trial court concluded that Gonsalves had still not alleged "valid tender or offer and ability to tender" and still had not adequately alleged a cause of action to quiet title based on adverse possession. The court further concluded that Gonsalves had not shown how the defects could be cured by amendment. On that basis, the trial court sustained the demurrer without leave to amend with respect to the quiet title cause of action as well and entered an order of dismissal.

---

[1] Because Gonsalves failed to designate his original complaint for inclusion in the clerk's transcript, we rely upon the trial court's description of the complaint in the ruling sustaining the demurrer to Gonsalves's first amended complaint.

Gonsalves timely appealed.

DISCUSSION

In his brief, Gonsalves attempts to argue why each cause of action in his amended complaint is viable, but he fails to address the basis on which the court first sustained the demurrer without leave to amend as to the 12 new causes of action he added in his amended complaint, namely, that the addition of those new causes of action was beyond the scope of the leave to amend the court had granted him in sustaining the demurrer to his original complaint. As we find a valid basis for the court's ruling, we have no occasion to address Gonsalves's arguments on the substance of each of his 12 new causes of action.

The rule is as stated in *Harris*: "Following an order sustaining a demurrer . . . with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order. [Citation.] The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." (*Harris v. Wachovia Mortgage, FSB*, *supra*, 185 Cal.App.4th at p. 1023.)

Here, Gonsalves makes no attempt to show that his 12 new causes of action were within the scope of the trial court's order granting him leave to amend his original complaint to quiet title based on adverse possession. Thus, he has failed to show any error in the trial court's ruling regarding those 12 causes of action. (See *Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1013, 1020 [on appeal from the sustaining of a demurrer without leave to amend, " 'the plaintiff bears the burden of demonstrating that the trial court erred' "].)

That leaves us with only his cause of action to quiet title. With respect to that cause of action, Gonsalves asserts that the allegations of his amended complaint "are sufficient to state a cause of action to quiet title" because he "alleges that he is the owner in fee and in possession of a parcel of land pertinently described; that Defendants claim[]

3

an interest therein adverse to him; and that such claim is without right." In offering this assertion, however, Gonsalves does not cite *any* part of his amended complaint and thus does not direct us to where those allegations supposedly can be found. Furthermore, what he claims he has alleged in his complaint is not sufficient to meet the requirements of the statute that even he acknowledges (a page earlier in his brief) sets forth the required elements of a quiet title cause of action. Under that statute, a complaint to quiet title must "include all of the following:

"(a) A description of the property that is the subject of the action. . . . In the case of real property, the description shall include both its legal description and its street address or common designation, if any.

"(b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.

"(c) The adverse claims to the title of the plaintiff against which a determination is sought.

"(d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.

"(e) A prayer for the determination of the title of the plaintiff against the adverse claims." (Code Civ. Proc., § 761.020.)

Gonsalves makes no effort to show where each of these elements is alleged in his amended complaint. Thus, again he has failed to carry his burden of demonstrating trial court error.

4

## DISPOSITION

The order of dismissal is affirmed.  Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                                             ROBIE             , J.


We concur:


      RAYE           , P. J.


      MAURO         , J.