**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN FITZPATRICK, Plaintiff-Appellant, v. TYSON FOODS, INC., Defendant-Appellee. | No. 16-17038 D.C. No. 2:16-cv-00058-JAM-EFB MEMORANDUM* |
| SUSAN FITZPATRICK, on behalf of herself and all others similarly situated, Plaintiff-Appellant, v. BIG HEART PET BRANDS, Defendant-Appellee. | No. 17-15047 D.C. No. 2:16-cv-00063-JAM-AC |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and CHRISTEN[**], Circuit Judges, and ELLIS,[***] District Judge.

In these consolidated appeals, Susan Fitzpatrick appeals the Rule 12(b)(6) dismissals of her claims for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., generally, and specifically California's Made in USA law, Cal. Bus. & Prof. Code § 17533.7, and California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.

The district court properly determined that the current version of California Business and Professional Code § 17533.7 governs Fitzpatrick's claims. Although the statute does not apply retroactively, in amending § 17533.7, the California legislature enacted a change in legislative policy, shifting from strict liability to allow certain previously prohibited conduct under certain exceptions, amounting to a statutory repeal. *See Zipperer v. County of Santa Clara*, 133 Cal. App. 4th 1013, 1023–24 (2005) (holding that "where the Legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute, the new statutory scheme may be applied to pending actions without triggering retrospectivity

---

[**] This case was submitted to a panel that included Judge Kozinski, who retired. Following Judge Kozinski's retirement, Judge Christen was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Christen has read the briefs, reviewed the record, and listened to oral argument.

[***] The Honorable Sara Lee Ellis, United States District Judge for the Northern District of Illinois, sitting by designation.

2

concerns," with courts to consider, among other factors, "whether the legislation constitutes a substantial reversal of legislative policy that represents the adoption of an entirely new philosophy vis-à-vis the prior enactment" (citations and internal quotation marks omitted)); *Brenton v. Metabolife Int'l, Inc.*, 116 Cal. App. 4th 679, 690 (2004) (statutory repeal rule applied where statute provided certain exceptions to anti-SLAPP rule). Because Fitzpatrick had no vested rights in her claims before the current version of § 17533.7 went into effect, her claims are governed by the current version of that statute.

The district court also properly concluded that the California safe harbor doctrine bars Fitzpatrick's claims under California's consumer protection statutes, where the amended version of § 17533.7 expressly makes lawful the labeling of products that contain certain amounts of foreign-sourced ingredients as "Made in the USA." *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) ("[T]he safe harbor doctrine . . . precludes plaintiffs from bringing claims based on 'actions the Legislature permits.'") (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 542 (Cal. 1999)).

We additionally deny Appellees' pending motion to strike [27].

**AFFIRMED.**