Filed 3/4/21  Washington v. Dept. of Corrections and Rehabilitation CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEPHEN WASHINGTON, Plaintiff and Appellant, v. CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al., Defendants and Respondents. | F079957 (Super. Ct. No. MCV078367) **OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Madera County.  James E. Oakley, Judge.

Stephen Washington, in pro. per., for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Monica N. Anderson, Assistant Attorney General, Neah Huynh and Arthur B. Mark III, Deputy Attorneys General, for Defendants and Respondents.

No appearance for Defendant and Respondent Jeff Brandon.

-ooOoo-

---

[*]        Before Franson, Acting P.J., Peña, J. and Snauffer, J.

Plaintiff Stephen D. Washington, a self-represented inmate, brought this lawsuit against the California Department of Corrections and Rehabilitation (CDCR) and its officials, alleging state and federal causes of action related to sexual harassment. The CDCR and individual defendants represented by the Attorney General's Office filed a demurrer, arguing they were immune from liability, the state law claims were barred because plaintiffs did not comply with the claim presentation requirements in the Government Claims Act (Gov. Code, § 810 et seq.),[1] and the verbal harassment alleged did not state a cognizable federal civil rights cause of action. The trial court filed a written order sustaining the demurrer and the action proceeded in the superior court against one individual defendant who was represented by separate counsel. No judgment has been filed. Plaintiff filed an appeal from the order sustaining the demurrer.

"Orders sustaining demurrers are not appealable." (*Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695.) Generally, "a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) We conclude this general principle should be applied here because a final judgment has yet to be entered, the action is proceeding against a remaining defendant, and the appellate briefing has not addressed all issues. (See Gov. Code, § 68081 [supplemental briefing of omitted issues]; Code Civ. Proc., § 472c [leave to amend as an issue on appeal].)

We therefore dismiss the appeal.

## BACKGROUND

Plaintiff's complaint was filed by the Madera County Superior Court in July 2018. In February 2019, plaintiff filed his first amended complaint, which is the operative pleading for purposes of this appeal. Plaintiff labeled his causes of action (1) violation of

---

[1] Subsequent unlabeled statutory references are to the Government Code.

the Eighth Amendment, (2) violation of 42 U.S.C. section 1983, (3) intentional infliction of emotional distress, and (4) violation of the Ralph Civil Rights Act (Civ. Code, § 51.7).[2]  The defendants named in the first amended complaint included CDCR; Jeff Brandon, a plumber who was employed by CDCR at Valley State Prison in Plant Operations-Plumbing; Scott Kernan, Secretary of CDCR; R. Fisher, Warden of Valley State Prison; Dr. Lawrence; Dr. Virk; Dr. Shoji; Lieutenant Perry; Sergeant B. Rodriguez; Sergeant R. Chavez; N. Gonzalez; C. Guerrero; and S. Torres.  In this opinion, the term "Defendants" refers to CDCR and the foregoing individuals, except for Jeff Brandon.  Defendants are represented in this action by the Attorney General's Office. Brandon is represented by separate counsel.

In April 2019, Defendants filed a demurrer supported by a request for judicial notice.  Defendants contended the state law claims must be dismissed because they were immune from liability and plaintiff failed to timely present a claim under the Government Claims Act.  Defendants also contended the federal civil rights causes of action failed to allege sufficient facts to state a cognizable claim and, in addition, were barred by immunity.

On June 28, 2019, the trial court held a hearing on the demurrer.  The court stated it would sustain the demurrer as to all causes of action against CDCR and the individually named Defendants, except it would allow the intentional infliction of emotional distress claim against Brandon to go forward.  On August 27, 2019, the court signed and filed a written order sustaining the demurrer without leave to amend as to Defendants.

---

[2]    Although the first amended complaint's caption refers to the Ralph Civil Rights Act, its allegations cite Civil Code section 52.1, the Tom Bane Civil Rights Act, which creates a cause of action against a person who interferes by threat, intimidation or coercion with the exercises of an individual's constitutional or other legal rights. (Civ. Code, § 52.1, subd. (b).)

3.

*The Appeal*

On September 10, 2019, plaintiff filed a notice of appeal from the order of dismissal using optional Judicial Council form APP-002. Plaintiff marked the box for a "Judgment of dismissal after an order sustaining a demurrer" and wrote that the judgment had been entered on "8-27-19." That date was when the written order sustaining the demurrer was signed and filed.

In December 2019, plaintiff filed his appellant's opening brief arguing, among other things, that timely compliance with the Government Claims Act should be excused. (See 1 California Government Tort Liability Practice (Cont.Ed.Bar 4th ed. 2020) § 5.81, p. 5-64 [in a proper case, estoppel may excuse even complete lack of compliance].) Plaintiff asserted that continuing intimidation, including threats of retaliation, by Brandon and CDCR staff prevented him from filing a timely claim.

In May 2020, Defendants filed a respondents' brief reiterating the arguments made in their demurrer. Plaintiff did not file an optional appellant's reply brief within the time specified in the rules of court. (See Cal. Rules of Court, rules 8.25(b)(5) [prison delivery rule] & 8.212(a)(3) [20 days to file an appellant's reply brief].)

In February 2021, this court sent the parties a letter directing them to answer questions about whether a judgment had been filed by the trial court, whether the appeal had been taken from an appealable order, and whether plaintiff intended to continue to pursue the appeal. On February 22, 2021, this court received and filed plaintiff's letter, which indicated (1) a final judgment had not been filed in the superior court, (2) he did not contend the appeal had been taken from an appealable judgment, and (3) he did not intend to pursue the appeal any longer. Plaintiff asked this court to dismiss this appeal with the proviso that he be given the opportunity to appeal as to all the named defendants upon the conclusion of the case in the superior court.

On February 25, 2021, a deputy attorney general filed a letter on behalf of Defendants. The letter stated a judgment of dismissal or other final judgment had not

4.

been entered in the superior court and Defendants "no longer contend there is appellate jurisdiction." The letter argued "the exception to the 'one final judgment' rule does not apply and this Court lacks jurisdiction of Appellant's appeal."

## DISCUSSION

In *Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1013, the Sixth District addressed the threshold procedural question of the appealability of the challenged order by stating:

> "Although plaintiffs' form notice of appeal refers to a judgment of dismissal, the appellate record contains no judgment. This appeal thus appears to have been taken from the order sustaining defendant's demurrer to plaintiffs' first amended complaint, without leave to amend. 'Orders sustaining demurrers are not appealable.' (*Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695.) But 'an appellate court may deem an order sustaining a demurrer to incorporate a judgment of dismissal.' (*Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 920.) It is particularly appropriate to do so when the absence of a final judgment results from inadvertence or mistake. (*Id*. at p. 921.)

> "In this case, defendant does not argue for dismissal of the appeal, and the issues are fully briefed. (See *Gu v. BMW of North America, LLC* [(2005)] 132 Cal.App.4th 195.) Under the circumstances, we will decide this case on its merits by treating the order as incorporating a judgment of dismissal." (*Zipperer*, *supra*, at p. 1019.)

Like *Zipperer*, the appellate record contains no judgment and plaintiff's form notice of appeal incorrectly refers to a judgment of dismissal. Furthermore, the register of actions included in the clerk's transcript contains no entry for a judgment. Thus, it appears that a final judgment has not been entered. This reading of the record is consistent with the letters filed by the parties, which agree a final judgment has not been entered in the superior court.

Unlike *Zipperer*, it appears the action is still proceeding in the superior court against a single remaining defendant (namely, Jeff Brandon). Thus, the present appeal

can be distinguished from *Zipperer*, where the absence of a final judgment was simply the result of inadvertence or mistake.

We recognize our discretionary authority to treat the order sustaining the demurrer as containing a judgment of dismissal as to Defendants. However, in this case, we conclude it is inappropriate to treat the order as incorporating a judgment of dismissal. First, the trial court is still conducting proceedings on plaintiff's claim against Brandon. Thus, the trial court may have decided not to issue multiple judgments and, instead, wait until one final judgment could be entered. (See generally, *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 [" 'one final judgment' rule"].) Second, we do not regard the merits of this appeal as having been fully briefed. For instance, the "issue of leave to amend is always open on appeal" and has not been fully addressed. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746; see Code Civ. Proc., § 472c.) In particular, there may be a reasonable probability of plaintiff curing the defects involving the immunity defense and the failure to comply with the claim presentation requirement by making more detailed allegations about the intimidation and threats of retaliation that prevented him from submitting a timely claim—details that would satisfy the elements of estoppel.

In *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, our Supreme Court stated: "It is well settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act." (*Id*. at p. 445.) "[E]stoppel may certainly be invoked when there are acts of *violence* or *intimidation* that are *intended* to prevent the filing of a claim." (*Ibid*.; see 1 California Government Tort Liability Practice, *supra*, §§ 5.78 [estoppel as excuse for noncompliance], 5.85 [estoppel based on intimidating conduct], pp. 5-61, 5-70; *J.P. v. Carlsbad Unified School Dist.* (2014) 232 Cal.App.4th 323, 337 ["equitable estoppel is available in circumstances … where a public entity or its agents effectively make threats against a prospective claimant"].)

6.

Under the circumstances presented in this appeal, we will not exercise our discretionary authority to deem the order sustaining the demurrer incorporates a judgment of dismissal.  (See *Molien v. Kaiser Foundation Hospitals*, *supra*, 27 Cal.3d at p. 920.)  As a result, we conclude plaintiff's appeal was taken from a nonappealable order—a conclusion that agrees with the views expressed in the parties' letters.[3]

## DISPOSITION

The appeal from the order sustaining Defendants' demurrer is dismissed.  The parties shall bear their own costs on appeal.

---

[3]    To avoid a possible misinterpretation of this opinion, we make express what is necessarily implied by the foregoing conclusion—that is, once a final judgment in favor of Defendants has been entered, the authority granted by Code of Civil Procedure section 904.1, subdivision (a)(1) will allow plaintiff to take an appeal from that judgment and assert the trial court erred in sustaining Defendants' demurrer without leave to amend.