Filed 7/27/21  Qiu v. S.F. Police Department CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HAIQING QIU,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SAN FRANCISCO POLICE DEPARTMENT,<br><br>        Defendant and Respondent. | A160022<br><br>(San Francisco City & County Super. Ct. No. CGC19580947) |

Plaintiff Haiqing Qiu, acting in propria persona, appeals after the trial court sustained a demurrer to his complaint without leave to amend.  In essence, Qiu's complaint alleged the San Francisco Police Department "mistakenly" issued an emergency protective order prohibiting him from, among other things, coming within 100 yards of his wife, children, and the family home.  The City and County of San Francisco (the City, erroneously sued as the San Francisco Police Department) successfully demurred on the bases of governmental immunity and Qiu's failure to identify a valid theory of liability or allege compliance with the Government Tort Claims Act (Gov. Code, § 810 et seq.).

1

Qiu filed a notice of appeal from the order sustaining the City's demurrer[1] and subsequently submitted an opening brief in this court. His brief failed to comply with a number of the California Rules of Court[2] that prescribe requirements for appellate briefs. Among other things, it contained no citations to the record (rule 8.204(a)(1)(B) & (C)), lacked any pertinent or intelligible legal argument (rule 8.204(a)(1)(B)), contained an attachment that did not appear to be part of the record on appeal (rule 8.204(d)), and did not include a certificate of interested parties (rule 8.208). We therefore rejected it and permitted Qiu to file a corrected, rule-compliant brief within 20 days. Our order explicitly instructed him that the corrected brief must contain pertinent legal argument and adequate citations to the record and legal authority, and that failure to comply could result in dismissal.

Qiu's timely filed amended brief fails to correct significant errors identified in our order. Critically, it fails to identify any legal error in the trial court's ruling or articulate any intelligible legal argument supported with citation to the record and pertinent authority. " 'The reviewing court is not required to

---

[1] Although orders sustaining demurrers are not appealable, in the interest of providing the parties with an expedient resolution to their dispute, we exercise our discretion to deem the order at issue to incorporate a judgment of dismissal. (See *Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1013, 1019.)

[2] All further references to rules are to the California Rules of Court.

2

make an independent, unassisted study of the record in search of error or grounds to support the judgment.  It is entitled to the assistance of counsel [or the litigant if, as here, the litigant chooses to represent himself].  Accordingly, every brief should contain a legal argument with citation to the authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050.)  An appellant's failure to articulate intelligible legal arguments in the opening brief may be deemed an abandonment of the appeal justifying dismissal.  (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)  Likewise, a failure to present arguments with adequate and comprehensible references to the record on appeal and citation to legal authority can result in forfeiture of any contention that could have been raised on appeal.  (Rule 8.204(a)(1)(B) & (C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*).)

Qiu's brief consists largely of a subjective narrative of the underlying events and the harm he alleges they caused, untethered to citations to the record or legal argument.  It expresses his views, unsubstantiated in the record, that a report he struck his wife was a "fictional plot"; that he, not his wife, was the victim of domestic violence; and that City employees threatened and intimidated his wife, illegally interviewed her at their apartment, possibly falsified her signature on the protective order, rejected her subsequent request to cancel it, and

3

threatened that the government would "take over and adopt" the couple's children unless she renewed it.

These assertions are not supported with legal argument and authority or citation to the record, so we decline to consider them, and they are forfeited. We are sympathetic to the fact that Qiu is representing himself without the benefit of an attorney and that his understanding of English is limited, but his status as a self-represented litigant does not exempt him from the rules of appellate procedure or relieve his obligation to present intelligible argument supported by the record and legal authority. (*Nwosu, supra*, 122 Cal.App.4th at pp. 1246–1247.) The trial court's judgment is presumed to be correct on appeal, and it is the appellant's burden to affirmatively show prejudicial error. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.) In this case, Qiu's failure to make such a showing through relevant legal argument supported by adequate references to the record requires dismissal of the appeal.

DISPOSITION

The appeal is dismissed. Each party shall bear its own costs on appeal.

WISEMAN, J.*


WE CONCUR:

PETROU, J., ACTING P.J.

JACKSON, J.

4

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.