Filed 2/25/16  Hahn v. Wells Fargo Bank CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| NEVANKA HAHN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant and Appellant. | 2d Civil. No. B259984<br>(Super. Ct. No. 56-2013-00444339-<br>CU-OR-VTA)<br>(Ventura County) |

Nevanka Hahn appeals from a judgment in favor of Wells Fargo Bank, N.A., respondent.  The judgment was entered after the trial court had sustained, without leave to amend, respondent's demurrer to appellant's complaint.  Appellant does not contest the sustaining of the demurrer.  She argues that the trial court abused its discretion in not granting leave to amend the complaint.  We affirm.

*Facts*

Proceeding in propria persona, appellant filed a complaint against respondent and Cal-Western Reconveyance, LLC (Cal-Western).  The complaint consists of six causes of action.  It seeks to enjoin defendants from foreclosing on a deed of trust encumbering appellant's residence.  The deed of trust secures a $544,000 loan evidenced by a promissory note.

The complaint alleges that respondent is the "successor by merger" to the original lender, Wachovia Mortgage FSB.  Respondent substituted Cal-Western as the

trustee under the deed of trust. In October 2013 Cal-Western recorded a notice of default. According to the notice, appellant's past due payments totaled $70,052.10.

The complaint asserts that the promissory "[n]ote and [d]eed [of trust] have taken two distinctly different paths." The "[n]ote was securitized," i.e., it was packaged together with other loans and transferred to a trust that sold securities to investors with the loans as collateral. As a result of the securitization, "[t]he promissory note . . . became trust property." Thus, respondent does "not own [appellant's] loan or the corresponding note" and does not have "the right to collect payments from [appellant]" or foreclose on the deed of trust.

In addition to seeking to enjoin defendants from foreclosing on the deed of trust, the complaint seeks to quiet appellant's title to the property. Appellant claims that she "holds an interest in the Property free and clear of any interest of [respondent], in that the lien evidenced by the Deed of Trust has no value since . . . it . . . is wholly unsecured, and that accordingly the Deed of Trust is null and void."

The complaint also alleges that respondent violated California's unfair competition law. (Bus. & Prof. Code, § 17200 et seq.) Appellant seeks "an order of restitution requiring [respondent] to disgorge all revenues" that it acquired from her in violation of that law.

*Respondent's Demurrer and the Trial Court's Ruling*

Respondent demurred to the complaint on the ground that it "fails to state any claim for relief." Respondent asserted, "Each claim is preempted by regulations promulgated under the federal Home Owners' Loan Act (HOLA) and is unauthorized under California law." Respondent requested that the court take judicial notice of Exhibits A through L, which comprise 53 pages of the Clerk's Transcript. The record does not include a ruling on the request for judicial notice.

On June 17, 2014, the trial court conducted a hearing on the demurrer. Appellant was represented by counsel. At the conclusion of the hearing, the court sustained the demurrer without leave to amend.

2

The record does not include a reporter's transcript or clerk's minutes for the hearing. The court's written order sustaining the demurrer without leave to amend does not explain the basis for its ruling. In a document filed in the trial court, respondent asserted that the court made its "ruling after hearing rigorous and extended oral argument from counsel for both parties, and it made the ruling on the record in the presence of both counsel."

A notice of ruling was prepared by respondent and served on appellant. This notice is the only indication in the record of what happened at the hearing on the demurrer. According to the notice, appellant's counsel told the court that, the day before the hearing, he had filed opposition to the demurrer. "The court noted that it had not received that filing and typically would not receive a document filed so shortly prior to a hearing." When the court asked counsel to explain the late filing, he replied that "he had been busy with other aspects of this case and with other matters." The court found the explanation inadequate and declined to consider the opposition. The notice of ruling does not set forth the court's reasons for sustaining the demurrer without leave to amend.

The record includes appellant's opposition to the demurrer. Appellant did not provide the court with a proposed amended complaint.

*Appellant's Concession*

In her opening brief, appellant concedes that counsel's filing of opposition to the demurrer was "in contravention of [Code of Civil Procedure section] 1005(b), which requires opposition to be filed at least 9 court days prior to the hearing." Appellant acknowledges that the trial court "may have been correct in refusing to consider . . . the late opposition." She does not "dispute the court's refusal to accept her counsel's 'press of business' excuse for the late filing."

*Standard of Review*

"A demurrer tests the legal sufficiency of factual allegations in a complaint. [Citation.] A trial court's ruling sustaining a demurrer is erroneous if the facts alleged by the plaintiff state a cause of action under any possible legal theory. [Citations.]" (*Lee Newman, M.D., Inc. v. Wells Fargo Bank* (2001) 87 Cal.App.4th 73, 78.) "We review a

3

trial court's decision to sustain a demurrer for an abuse of discretion. [Citation.]" (*Zipperer v. City of Santa Clara* (2005) 133 Cal.App.4th 1013, 1019-1020.)

The sole ground for appellant's appeal is that the trial court erroneously denied leave to amend the complaint. " '[I]f a trial court sustains a demurrer without leave to amend, appellate courts determine whether or not the plaintiff could amend the complaint to state a cause of action. [Citation.]' [Citation.]" (*Das v. Bank of America, N.A.* (2010) 186 Cal.App.4th 727, 734.) We review a denial of leave to amend for abuse of discretion. (*Zipperer v. City of Santa Clara*, *supra*, 133 Cal.App.4th at p. 1020.) "It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend if the plaintiff demonstrates a reasonable possibility that the defect can be cured by amendment. [Citation.]' [Citation.]" (*Bank of America, N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199, 1204.)

*Appellant's Burden on Appeal*

"[T]he burden falls squarely on [appellant] to show what facts [s]he could plead to state a cause of action if allowed the opportunity to replead. [Citation.] To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action. [Citation.] Absent such a showing, the appellate court cannot assess whether or not the trial court abused its discretion by denying leave to amend. [Appellant] never filed a proposed amended complaint when he opposed the demurrer[] below so the only new facts for this court to consider are those [she] sets forth in [her] opening brief." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890.)

Appellant " ' "must show in what manner [s]he can amend h[er] complaint and how that amendment will change the legal effect of [her] pleading." [Citation.] . . . [Appellant] must clearly and specifically set forth the "applicable substantive law" [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, [appellant] must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.]' " (*Rosen v. St. Joseph Hospital of Orange County* (2011) 193 Cal.App.4th 453, 458.)

4

*Appellant Failed to Carry Her Burden*

Appellant contends, "If . . . this court reviews the late-filed opposition, it is clear (1) that it does request leave to amend, and (2) that it sets forth facts constituting a sufficient basis for the court to have given appellant a 'second bite at the apple'." Appellant says no more about her opposition, which consists of 10 pages of argument. "It is well settled that the Court of Appeal does not permit incorporation by reference of documents filed in the trial court. [Citations.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 295.) "Accordingly, [appellant's] contention [incorporating the arguments in her opposition] is forfeited." (*Marshall v. City of San Diego* (2015) 238 Cal.App.4th 1095, 1121, fn. 27.)

Appellant claims that respondent "does not fit within the description of those entities which may foreclose under [Civil Code section] 2924(a)(6)." The statute provides in part: "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." (*Ibid.*)

Appellant argues that respondent cannot lawfully initiate the foreclosure process because "the underlying deed of trust on the loan" was "split off from the note and purportedly assigned or transferred into a securitized trust, which is a void act because an attempt to assign a deed of trust without a transfer of the debt is without legal effect." Thus, respondent "was not a 'beneficiary' under [section] 2924(a)(6) and did not have the power to substitute Cal-Western as a trustee, so a trustee's sale by these entities would be void." "Hence, a cause of action could be fashioned to allege that respondent[] [and Cal-Western] were not in compliance with C.C. § 2924(a)(6) when the deed of trust was securitized and split off from the promissory note under the circumstances alleged in the Complaint . . . ."

Appellant's argument consists of conclusory allegations without factual or legal analysis. She does not " 'clearly and specifically set forth the "applicable substantive law" [citation] and the legal basis for amendment, i.e., the elements of the

5

cause of action and authority for it." (*Rosen v. St. Joseph Hospital of Orange County*, *supra*, 193 Cal.App.4th at p. 458.) Nor does she " 'set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.]' " (*Ibid*.)

Appellant's assertion that the deed of trust was "split off from the note" and "securitized" conflicts with the complaint's allegation that "the [n]ote [not the deed of trust] was securitized" and therefore "became trust property." "A plaintiff may not avoid a demurrer by pleading facts or positions in an amended complaint that contradict the facts pleaded in the original complaint . . . ." (*Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 344.)

Moreover, appellant fails to consider the facts shown by the various documents (Exhibits A through L) that respondent requested to be judicially noticed. In the absence of both a reporter's transcript and clerk's minutes for the hearing on the demurrer, we presume that the trial court granted the request for judicial notice. (See *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201 [because appellant did not furnish a reporter's transcript of a hearing, the court "presume[d] that what occurred at that hearing supports the judgment"].) Since appellant does not argue otherwise, we also presume that the trial court properly granted the request for judicial notice. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

"[O]n demurrer, a court will . . . consider judicially noticeable facts, even if such facts are not set forth in the complaint. [Citation.] In particular, appellate courts should judicially notice any fact of which the trial court took proper judicial notice. [Citation.]" (*Cantu v. Resolution Trust Corp.*, *supra*, 4 Cal.App.4th at p. 877.) "The complaint should be read as containing the judicially noticeable facts, 'even when the pleading contains an express allegation to the contrary.' [Citation.]" (*Ibid*.) It was incumbent upon appellant to demonstrate how the facts, including those judicially noticeable, establish a cause of action. In its brief respondent asserts, "The complaint and judicially noticed documents reveal that [appellant's] entire theory of liability is

6

misplaced and no amount of amending can sa[ve] her claims."  Appellant failed to carry her burden to show that the contrary is true.

In her opening brief appellant quotes an allegation from her complaint that the foreclosure was " 'initiated and advanced by Defendants in violation of the notice and standing requirements of California law and under the newly adopted Homeowners Bill of [R]ights, which . . . authorizes actions to enjoin foreclosures . . . for breaches of [Civil Code section] 2923.55 or 2924.17'."  Appellant continues: "Hence, however inartfully stated, the Complaint indicates that it is seeking injunctive relief pursuant to the above sections, and such relief, by way of a lawsuit such as this, seeks just that and is specifically authorized by [Civil Code section] 2924.12(a).  Thus, regardless of whatever technical defects the Complaint may contain, it is quite clear that those defects could have been cured by amendment . . . ."  These conclusory allegations are insufficient to demonstrate a reasonable possibility that defects in the complaint can be cured by amendment.  (See *Rosen v. St. Joseph Hospital of Orange County*, *supra*, 193 Cal.App.4th at p. 458.)

*Trial Court's Allegedly Erroneous Reliance on Published*

*Opinion in Case in Which Supreme Court Has Granted Review*

Appellant argues that the trial court abused its discretion in denying leave to amend because it relied on a case in which the California Supreme Court has granted review.  The case is this court's published opinion, *Keshtgar v. U.S. Bank, N.A.* (2014) formerly 226 Cal.App.4th 1201, review granted October 1, 2014, No. S220012.[1]

---

[1] According to a Supreme Court news release dated October 3, 2013, in *Keshtgar* the Supreme Court "ordered briefing deferred pending decision in *Yvanova v. New Century Mortgage Corp.*, S218973 . . . , which presents the following issue: In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?"  (See http://www.courts.ca.gov/documents/ws092914.pdf.)

7

Appellant asserts, "[S]ince *Keshtgar* has in effect been suspended as precedent pending a decision from the Supreme Court, a fact which appellant's counsel tried to explain to the trial court, for this reason alone the court abused its discretion in refusing leave to amend based on a[n] as yet not established precedent."

The record does not show that the trial court's decision was based on *Keshtgar*. The only reference to *Keshtgar* is in the notice of ruling prepared by respondent. The notice states that respondent told the court: "[U]nder current California law, *including* [not based solely on] the *Keshtgar v. U.S. Bank* case recently issued by the Second Appellate District, no new allegations regarding the securitization of the loan could cure the defects in the complaint." (First italics added.) The notice continues, "[Appellant's counsel] argued that the *Keshtgar* decision was not final and that [appellant] had a right to amend the complaint."

Even if the trial court had based its decision on *Keshtgar*, this would not have constituted an abuse of discretion. When judgment was entered in respondent's favor on September 5, 2014, review had not yet been granted in *Keshtgar*. At that time, therefore, *Keshtgar* had precedential effect pursuant to the doctrine of stare decisis. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Rule 8.1115(d) of the California Rules of Court provides, "A published California opinion may be cited or relied on as soon as it is certified for publication or ordered published."

*Disposition*

The judgment is affirmed. Respondent shall recover its costs on appeal. NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

8

Kent Kellegrew, Judge

Superior Court County of Ventura

_____

Steven Rein, for Plaintiff and Appellant.

Robert A. Bailey; Anglin, Flewelling, Rasmssen, Campbell & Trytten, for Defendant and Respondent.